**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-61679-CIV-DAMIAN/STRAUSS**

**PROFESSIONAL HAIR PRODUCTS LIMITED**,

     Plaintiff,

v.

**DIAMOND GIRL 27 AVE, INC.** *et al.,*

     Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

     **THIS CAUSE** is before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report") [ECF No. 58], entered on June 24, 2026, regarding the parties' Joint Motion for Entry of Agreed Permanent Injunction ("Joint Motion") [ECF No. 55].

     THE COURT has considered the Report, the Joint Motion, the pertinent portions of the record, and the relevant authorities and is otherwise fully advised.

     On May 27, 2026, the parties jointly moved for entry of an agreed permanent injunction, representing that they had resolved their dispute and stipulated to the entry of the proposed injunction attached to the Joint Motion. [ECF No. 55 at 3; ECF No. 55-1].

     In the Report, Judge Strauss determined that the Court has authority to enter the parties' stipulated permanent injunction and that the proposed injunction satisfies the requirements of Federal Rule of Civil Procedure 65(d). [ECF No. 58 at 1–4]. Judge Strauss therefore recommends that the Joint Motion be granted and that the proposed injunction be entered after removing the phrase "JURY TRIAL DEMANDED" from the caption and the extra period at the end of paragraph 7(ix). *Id.* at 4. The Report advises the parties that they

had fourteen days to file written objections. *Id.* No objections were filed, and the time to do so has passed.

When a magistrate judge's disposition has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment. Although Rule 72 itself is silent on the standard of review, the Supreme Court has recognized that Congress intended to require *de novo* review only when objections are properly filed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The undersigned has reviewed the Stipulated Permanent Injunction, the Report, the record, and the applicable law and finds no clear error. This Court agrees with Judge Strauss's well-reasoned analysis and conclusion that the parties' Stipulated Permanent Injunction satisfies Rule 65(d).

Accordingly, for the reasons set forth in the Report and above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      The Report and Recommendation **[ECF No. 58]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2.      The parties' Joint Motion for Entry of Agreed Permanent Injunction **[ECF No. 55]** is **GRANTED**.

3.      The Court will enter the Agreed Permanent Injunction by separate order, with the typographical corrections identified in the Report.

4.      This Case shall remain closed. All deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 3rd day of August, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Magistrate Judge Jared Strauss
        Counsel of Record

3